PETITION FOR REVIEW DIS-MISSED.

Pingdi LIN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72592.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2004.

Decided June 30, 2004.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Hagatna, GU, Mary Jane Candaux, Esq., Anthony C. Payne, Esq., Anthony C. Payne, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent. Agency No. A76–851–681.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Pingdi Lin, a native of the Peoples Republic of China, petitions for review of the Board of Immigration Appeals' ruling denying his applications for asylum and withholding of removal. Since the BIA erred in ruling that Lin was not "unwilling or unable" to return to China because of a well founded fear of persecution, we grant the petition.

■ To qualify for asylum, Lin was required to establish that he was a "refugee" by proof that he was *"unable or unwilling to return to . . .* [China] because of persecution or a wellfounded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42)(A) (emphasis added).

Lin's claim of persecution based on his participation in pro-democracy demonstrations, and his stated fear of future persecution if returned to China, were deemed credible. Despite this, the BIA ruled that Lin did not meet the refugee definition because he testified that he hoped to return to China to see his fiancée and family after gaining refugee status. This was error. The BIA misinterpreted Lin's statement as an unequivocal indication of his intent to return to China, when it is more accurately construed as an expression of hope—likely shared by many asylum applicants—that he could someday safely return home if circumstances changed. At best, the statement demonstrates a conditional desire to return to China that hinged upon Lin's unfounded belief that receiving refugee status would somehow protect him from Chinese authorities. Contrary to the BIA's reasoning, that sentiment did nothing to undermine the fact that Lin was unwilling or

unable to return to China because of a well-founded fear of persecution. The BIA erred in concluding that Lin was not a refugee based on his optimism.

The BIA also rejected Lin's claim based on the fact that he had returned to China several times between 1992 and 1994, after he had fled to Saipan. This too is error because it ignores the fact that those visits took place *before* Lin suffered the persecution that is the centerpiece of his asylum claim. Lin was fortunate on those visits to avoid detection, but he was eventually caught and detained, then tortured and forced to confess to participating in counter-revolutionary and anti-communist activities. Because of the pending charges against him and the fact that he fled, Lin faces additional punishment and reprisal if returned to China. The fact Lin was able to visit China before his arrest did not rebut his claim that he had suffered persecution, and that he faced future persecution if he returned.

■ Since substantial evidence does not support the BIA's finding that Lin failed to qualify for asylum, we must remand to the BIA for the exercise of discretion whether to grant his application for asylum. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). On the same flawed basis as its asylum ruling, the BIA also found that Lin was ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3). Proof of past persecution, as is the case here, creates a presumption of eligibility for withholding of removal. *Baballah v. Ashcroft,* 335 F.3d 981, 992 (9th Cir.2003); 8 C.F.R. §§ 208.13(b)(1), 208.16(b)(1)(I). Due to its errors, the BIA never discussed that presumption or whether it could be rebutted by evidence of a fundamental

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

change in conditions in China. *See Hoque v. Ashcroft,* 367 F.3d 1190, 1198 (9th Cir. 2004). Since those issues were not addressed by the appropriate agency, we remand to the BIA to determine whether Lin is entitled to withholding of removal under the appropriate burden-shifting framework. *Ventura,* 537 U.S. at 16–17, 123 S.Ct. 353; *Hoque,* 367 F.3d at 1198.

Petition for review GRANTED; REMANDED with instructions.